NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-715

CHARLES SHERMAN NEAL

vs.

CITY OF BOSTON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The sole issue in this appeal from an amended judgment in favor of the plaintiff, Charles Neal, on his claim for retaliatory discharge is whether the judge abused his discretion in excluding evidence that the decision maker was married to a Black man. Discerning no abuse of discretion, much less prejudice, we affirm.[1]

The plaintiff is a Black man who was employed as a physical education teacher within the city of Boston (city) public school system. After a series of events we need not detail here, he

_____

[1] The defendant filed a motion for a new trial on the same ground of supposed error, which was denied. However, on appeal, the defendant does not argue the issue within the context of the motion for a new trial, but rather as part of its direct appeal of the final judgment. For this reason, we do not address the issue as it was raised in the motion for a new trial. All this said, the outcome would be the same either way. The plaintiff elected not to file a brief in connection with this appeal.

was terminated from his position.  That decision was made by the headmaster of the school, who is a white woman married to a Black man.

The plaintiff brought the underlying employment suit alleging, among other things, race discrimination and retaliatory discharge.  Anticipating that the headmaster would be called as a witness, the plaintiff moved in limine to prevent her from testifying that she was married to a Black person.  The trial judge conducted a hearing on the motion during which counsel for the city represented that the city did not intend to ask the headmaster about the race of her husband.  However, counsel argued that the headmaster should be permitted to volunteer the evidence "organically," even if it was not called for by any question.  The judge initially deferred ruling on the motion given that both sides stated that they did not intend to seek to introduce the information.  However, the judge also stated that he would revisit the issue when the witness was called.

When that occurred two days later, the judge conducted a sidebar conference during which he asked the attorneys whether they had told the witness not to volunteer unsolicited information.  The judge was told none of the attorneys had done so.  The following exchange then took place:

2

The judge:  "I'm going to ask that one of you go outside and have that conversation with her."

City's counsel:  "Has Your Honor ruled on that?"

The judge:  "Yes.  And unless there is some -- well, you don't want it blurted out inadvertently; though, if a question calls for the information, I'm going to permit her to answer it; but otherwise, I'm going to require you to be alert to objection.  But I'm not going to tolerate any kind of blurting out of something that's non-responsive.

So I'm going to ask that somebody step outside; maybe both of you -- one of each of you -- to step outside to convey that to the witness."

City's counsel:  "Convey exactly what now?"

Neal's counsel:  "The race of her husband."

The judge:  "Go ahead."

". . .

City's counsel:  "Your Honor, may I just have clarification?  I'm sorry, but what you want me to tell the witness is that she can't blurt out, non-responsively, the race of her husband?"

The judge:  "The race of her husband is irrelevant, okay?  She shouldn't offer it; it's not relevant to the way she conducted herself in a particular way.  And if she brings that up, sua sponte, not responsive to a question, it's going to be a problem.  So, yes, you should tell her that she shouldn't bring that up.  Both of you should; you both should be present at the time of the instruction to relate [sic]."

Neal's counsel:  "Okay."

The judge:  "If you want me to talk to her, I'll talk to her."

Neal's counsel:  "All right, fine."

The judge:  "You want me to bring her in?"

3

City's counsel:  "No, I can talk to her, You Honor."

The judge:  "Okay, all right."

City's counsel:  "Please note my objection."

The judge:  "The objection to what?"

City's counsel:  "The instruction to (inaudible . . .)[2] --"

The judge:  "Do you think the race of her husband is relevant?"

City's counsel:  "I just -- I'm not going to ask her that question, but I just --"

The judge:  "Neither one of you are; that's the reason -- that's the point."

Neal's counsel:  "Thank you."

City's counsel:  "Thank you."

Ultimately, the jury found in favor of the city on the discrimination claims, and in favor of the plaintiff on the retaliation claim.

Just as a judge may strike unresponsive information volunteered by a witness and instruct a jury to disregard it, see Commonwealth v. Richards, 363 Mass. 299, 309 (1973), a judge may prophylactically instruct a witness not to volunteer

---

[2] The city has made no effort to reconstruct the record concerning the inaudible portion of the transcript.  See Commonwealth v. Ralph R., 490 Mass. 770, 773 n.6 (2022) (appellant bears "burden to reconstruct the record of indiscernible portions of the trial if they are relevant to his claims on appeal").

unresponsive testimony. This is especially true where, as here, the judge has been alerted to the possibility that the witness might volunteer the unresponsive information despite the fact that neither side intended to elicit it. Moreover, as the judge correctly observed, the information was irrelevant, and its admission carried with it the peril that the jury would be led to speculate that a white person would be more or less likely to engage in employment discrimination or retaliation depending on the race of the person to whom he or she was married -- a proposition for which the city has provided no support. See Mass. G. Evid. §§ 401, 403 (2022).

In any event, there was no prejudice. To begin with, the city did not plan to introduce the evidence. Thus, its exclusion in no way curtailed the city's proof. Moreover, the jury found in favor of the city on the plaintiff's discrimination case, and the city has not shown any connection, let alone relevance, between the witness's marital situation and

the retaliation claim.

For these reasons, the amended judgment on the jury verdict is affirmed.

<u>So ordered</u>.

By the Court (Wolohojian,
  Shin & Hodgens, JJ.[3]),

*Joseph F. Stanton*

Clerk

Entered:  April 21, 2023.

---

[3] The panelists are listed in order of seniority.